GARY M. RESTAINO
United States Attorney
District of Arizona
STEFANI K. HEPFORD
Assistant United States Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: stefani.hepford@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Javier Rafael Haro Aguilar,<br><br>Defendant. | Case No. 4:20-cr-02592-RCC-JR<br><br>PLEA AGREEMENT |

The United States of America and Defendant, JAVIER RAFAEL HARO AGUILAR, agree to the following disposition of this matter:

## PLEA

Defendant agrees to plead guilty to Count Four of the Indictment charging the defendant with a violation of United States Code, Sections 922(g)(5)(A) and 924(a)(2), Possession of a Firearm and Ammunition by an Illegal Alien. The defendant also agrees to not contest the Forfeiture Allegation in the Indictment. The remaining counts of the Indictment will be dismissed at sentencing.

## Elements of the Offense

The essential elements of Possession of a Firearm and Ammunition by an Illegal Alien are that:

1. Defendant knowingly possessed a firearm and ammunition;

2. The firearm and ammunition had been shipped and transported into the state of Arizona from another state or foreign country, thus, affecting interstate commerce; and

3. At the time the defendant possessed the ammunition, the defendant was an alien illegally and unlawfully present in the United States.

## Maximum Penalties

a. Defendant understands and agrees that the maximum penalty for the offense to which he is pleading are a fine of $250,000, a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years supervised release.

b. Defendant agrees to pay a fine unless Defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

c. Special Assessment: Defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

## Immigration consequence

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including Defendant's attorney or the district court, can predict to a certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

## STIPULATIONS, TERMS, AND AGREEMENTS

### Agreement Regarding Sentencing

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulate and agree that the following is an appropriate disposition of this case: **46 months imprisonment.**

b. Defendant may withdraw from the plea agreement if he receives a sentence in excess of 46 months imprisonment. The government may withdraw from the plea agreement if the Court sentences the defendant to less than 46 months.

c. The government may withdraw from the plea agreement if information comes to light that the defendant has two or more drug trafficking convictions and/or is a career offender.

d. Defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If Defendant requests or if the Court authorizes any reduction of sentence, either by departure or variance, not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement. If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

e. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow Defendant an opportunity to withdraw Defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

f. Defendant understands that if Defendant violates any of the conditions of Defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, Defendant may be required to serve an additional term of imprisonment or Defendant's sentence may otherwise be altered.

g. Defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United

States Attorney's Office.

### Disclosure of Information to U.S. Probation

Defendant understands the government's obligation to provide all information in its file regarding Defendant to the United States Probation Office.

Defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of Defendant to pay a fine or restitution.

c. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

### Reinstitution of Prosecution

If Defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute Defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, Defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

### Forfeiture

a. Defendant, JAVIER RAFAEL HARO AGUILAR, knowingly and voluntarily agrees to forfeit all right, title and interest in $5,000 in U.S. currency, and $307 in U.S. currency.

b. Defendant agrees not to contest the administrative forfeiture of one Glock model 23, .40 caliber semi-automatic pistol, serial number BGXZ623; one Hi-Point rifle,

- 4 -

model 995 9mm, serial number A84663; one Rossi .38 special revolver, serial number D55727; 21 rounds of Remington .40 caliber ammunition; 28 rounds of Remington .40 caliber ammunition; 13 rounds of assorted caliber ammunition; 50 rounds of Wolf 9mm caliber ammunition; 7 rounds of Federal .380 caliber ammunition; 9 rounds of assorted caliber ammunition; 24 rounds of assorted caliber ammunition; 9 rounds of assorted caliber ammunition; 31 rounds of .40 caliber ammunition; 28 rounds of 7.62 caliber ammunition; 26 rounds of Lake City .223 caliber ammunition; 26 rounds of .223 caliber ammunition; and 20 rounds of Precision Delta .223 caliber ammunition.

    c.    Defendant knowingly and voluntarily agrees not to pursue any filed claims, and to waive all interest in the assets listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

    d.    Defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

    e.    The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

    f.    Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

g. Defendant warrants that he is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement.

h. Defendant knowingly and voluntarily agrees and understands the forfeiture of the assets listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

<u>Waiver of Defenses and Appeal Rights:</u>

Defendant waives any and all motions, defenses, probable cause determinations, and objections that Defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against Defendant and imposition of sentence upon Defendant providing the sentence is consistent with this agreement. The sentence is in accordance with this agreement if the sentence imposed does not exceed 46 months imprisonment. Defendant further waives: (1) any right to appeal the Court's entry of judgment against Defendant; (2) any right to appeal the imposition of sentence upon Defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack Defendant might file challenging his conviction or sentence in this case. If Defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim by Defendant of ineffective assistance of counsel.

## Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to

- 7 -

modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

### Factual Basis:

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

> On or about August 20, 2020, in the District of Arizona, defendant JAVIER RAFAEL HARO AGUILAR, knowing he was an alien illegally and unlawfully in the United States, did knowingly possess firearms and ammunition, that is, one Glock model 23, .40 caliber semi-automatic pistol, serial number BGXZ623; one Hi-Point rifle, model 995 9mm, serial number A84663; one Rossi .38 special revolver, serial number D55727; and assorted rounds of .40 caliber, 9 mm, 7.62 caliber, .380 caliber, and .223 caliber ammunition. All firearms and ammunition affected interstate commerce in that they were previously transported into the state of Arizona from another state or foreign country. HARO AGUILAR concedes, and immigration

- 8 -

records confirm, that the defendant is a citizen of Mexico and was unlawfully present in the United States at the time of possessing the above-referenced firearms and ammunition, as defined by law.

12-30-2021
Date

_for Javier Haro Aguilar_
JAVIER RAFAEL HARO AGUILAR
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised Defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's waiver of his right to appeal. I have further discussed the sentencing guideline concept with Defendant. No assurances, promises, or representations have been given to me or to Defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

12-30-2021
Date

Bartholomew Reidy
Attorney for Defendant

\*\*\*

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

STEFANI HEPFORD
Digitally signed by STEFANI HEPFORD
Date: 2021.12.30 14:42:48 -07'00'

_____
Date

STEFANI K. HEPFORD
Assistant U.S. Attorney